**Dean Stuart ISBLE and Ricky Charles Willis, Petitioners-Appellants,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 78–5466.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1979.

Decided Dec. 28, 1979.

See also, D.C., 468 F.Supp. 152.

Dean S. Isble, pro se.

John W. Davis, Lansing, Mich., for Ricky C. Willis.

John H. Cary, U. S. Atty., Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for respondent-appellee.

Before WEICK and ENGEL, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Defendants appeal from the district court's judgment denying their respective motions to vacate sentence pursuant to 28 U.S.C. § 2255. Previously, defendants entered guilty pleas to two separate charges of bank robbery arising out of offenses committed in Philadelphia, Tennessee, and Gladwin, Michigan. The pleas purportedly were made pursuant to a plea agreement negotiated by their court-appointed counsel. Under the terms of the agreement each defendant received the maximum 25-year sentence on each charge, the concession being that the sentences were to run concurrently.

Upon the motion of the government, an order was entered on February 2, 1979, remanding the case to the district court for additional proceedings to ascertain a factual basis for the guilty pleas. On remand the district court reaffirmed its finding that the guilty pleas were voluntary, but did not hold an evidentiary hearing.

An examination of the record discloses that, although the district court administered the safeguards of Rule 11 in less than perfect fashion, the alleged inadequacies respecting the plea-taking procedure do not rise to the level of constitutional error. This conclusion results from the rule of *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), wherein it was determined that technical non-compli-

ance with the requirements of Rule 11 is not a sufficient basis for collateral attack upon a guilty plea.

■ We are more concerned, however, with defendants' allegations of ineffective assistance of counsel. It is asserted that effective assistance was denied due to a lack of reasonable opportunity to confer with counsel, dissatisfaction with the final outcome of the plea agreement and setting of bond, and counsel's alleged inexperience with criminal cases. Specifically, defendants assert that (1) they did not have the opportunity to confer with appointed counsel to discuss the case, except briefly at the arraignment, from the time of his appointment until the time set for the plea, (2) that counsel told defendants to plead guilty or receive 65 to 150 years in jail on another matter, (3) that counsel did not inform defendants that they had made a plea agreement with the government about pleading guilty to the Michigan charge, and (4) that following acceptance of the plea, defendants were advised for the first time of the plea bargain involving the 25-year concurrent sentences recommendation.[1] We conclude that these matters cannot be satisfactorily resolved by either the district court or this court based on the limited record now in existence. A final determination can only be attained by holding an evidentiary hearing to test the truth of appellants' allegations in this regard.

■ At the evidentiary hearing, the district judge should especially seek to determine whether the actions or omissions of appointed counsel violated the standard of effectiveness espoused by this court in *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974). Under the *Beasley* rule a defendant must be represented by "counsel reasonably likely to render and rendering reasonably effective assistance." Questions requiring further resolution include the extent of consultation which occurred prior to the guilty plea hearing, the extent of defendants' knowledge of the terms of the plea agreement prior to the proceeding, and the accuracy of advice given to defendants by appointed counsel as it affected their deliberations in determining whether to enter pleas of guilty. It seems elemental that a decision which potentially affects the defendants' liberty for the next twenty-five years of their lives should be accompanied by a degree of contemplation appropriate to the gravity of the decision made, and that effective counsel should be alert to such needs. The record before this court does not contain adequate information to determine whether a necessary concomitant to a valid guilty plea, the effective assistance of counsel, was received by defendants prior to entering their guilty pleas. *See Tollett v. Henderson,* 411 U.S. 258, 263, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1972); *Brady v. United States,* 397 U.S. 742, 750, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). Therefore, an evidentiary hearing is required to further elucidate defendants' claims.

Accordingly the judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.

---

1. During the course of the guilty plea proceedings, the United States Attorney stated:

 As always, we have plea bargained with the defendants' counsel, not with the defendants and state now for the first time before the defendants and for the Court's benefit the agreement we have reached.