860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David G. NEWCOMB, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-3309.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David G. Newcomb, a federal prisoner appeals pro se the district court's judgment denying his motion to vacate his federal sentence under 28 U.S.C. Sec. 2255.
 
 
 3
 Upon his guilty plea Newcomb was given a sentence of ten years for possession with intent to distribute cocaine. He now alleges ineffective assistance of counsel, deception by government attorneys during plea bargaining and violations of Fed.R.Crim.P. 32 and 11. The district court found his claims to be meritless and denied his motion. Here, he argues only that Fed.R.Crim.P. 11 was violated by the district court in accepting his guilty plea. The remaining issues have been abandoned and are not reviewed. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 The record here establishes compliance with Fed.R.Crim.P. 11. United States v. Stead, 746 F.2d 355, 357 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985). His claims that no factual basis was developed for the plea and the elements of the charge of cocaine possession were not explained to him are contradicted by his representations at the plea hearing. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Newcomb's claim that special parole was not explained to him states only a technical violation of Fed.R.Crim.P. 11, which is insufficient for collateral attack on a sentence based upon a guilty plea. United States v. Timmreck, 441 U.S. 780 (1979); Isble v. United States, 611 F.2d 173 (6th Cir.1979).
 
 
 5
 The judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.