**UNITED STATES of America**

v.

**Ralph VILLAR, Defendant.**

**No. 74 Cr. 1070.**

United States District Court,
S. D. New York.

May 28, 1976.

---

**20.** In matters outside the case in suit.

**21.** The spectacle of the disclosure may cause a lessening of public trust in the bar.

Robert B. Fiske, Jr., U. S. Atty. by Michael Q. Carey, Asst. U. S. Atty., New York City, for U. S.

Michael D. Ratner, Margaret L. Ratner, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

This case presents the question whether the court has the power, under certain circumstances, to sentence a criminal defendant *nunc pro tunc* as a Young Adult Offender pursuant to 18 U.S.C. § 4209, when that individual has already attained his twenty-sixth birthday prior to entry of a plea of guilty. The court holds that, on the facts of this case, it has the power to enter such a sentence to effectuate the beneficent purposes of the legislation and to remedy the deprivation of defendant's right to the effective assistance of counsel.

The defendant, Ralph Villar, is a resident alien who was born in Santo Domingo, Dominican Republic on November 6, 1948. On July 18, 1974, he appeared before a federal magistrate on a complaint alleging that he along with two others, conspired to distribute cocaine to an undercover agent in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846. At that time, Villar,

whose only prior involvement with the law was for driving an unregistered vehicle, was released on a personal recognizance bond of $5000.

Villar and his previous appointed counsel made a number of subsequent appearances before the magistrate, on August 6, September 3, September 25 and October 22. Villar never had a preliminary hearing and, on October 22, 1974, the complaint against him was dismissed.

On November 14, 1974, eight days after Villar's twenty-sixth birthday, the instant indictment was filed, charging him with the conspiracy previously alleged in the complaint and with two substantive narcotic offenses. Subsequently, on June 10, 1975, Villar pleaded guilty to Count III of the indictment, which charged unlawful distribution and possession of cocaine.

When, on October 15, 1975, the court sentenced one of Villar's co-defendants as a youth offender pursuant to 18 U.S.C. § 5010(a), it was brought to the court's attention by Villar's counsel that Villar had turned twenty-six prior to entry of his plea. In response to a request from the court that counsel set forth in writing the circumstances which led to Villar's pleading after his 26th birthday, Villar's counsel submitted an affidavit and memorandum on this issue in which he candidly admitted his ignorance both of his client's age and the possibility that an earlier plea would have made him eligible for treatment as a Young Adult Offender.[1]

Thus, defendant Villar was deprived of the benefits of Young Adult Offender treatment solely by fortuitous circumstances, i. e., his counsel's lack of awareness of his age and the Government's delay in obtaining an indictment until four months after issuance of the complaint.

Section 4209 of Title 18 allows a defendant accused of a federal crime to be treated as a Young Adult Offender if he has not "attained his twenty-sixth birthday at the time of conviction." In order to carry out

---

1. Villar's present counsel, Michael Ratner, was appointed prior to sentencing solely for the purpose of arguing the question discussed in this opinion.

the remedial purposes of the statute, a number of courts have construed the term "conviction" to apply to the time of a finding of guilt and not to the time of sentence. *United States v. Branic,* 162 U.S.App.D.C. 10, 495 F.2d 1066 (1974); *United States v. Kleinzahler,* 306 F.Supp. 311 (E.D.N.Y. 1969); *United States v. Carter,* 225 F.Supp. 566 (D.C.1964).

In the latter cases, the defendants passed their twenty-sixth birthdays between the time of guilty plea or verdict and the time of sentence. In the instant case, however, Villar's twenty-sixth birthday had passed some eight days before the indictment was filed against him—a time necessarily prior to his plea of guilty. Thus, the court is apparently faced with a question of first impression.

Absent some special circumstances of course, the terms of the statute itself would preclude Young Adult Offender treatment for Villar in this case. However, the court is persuaded that the facts of this case establish that he was denied the effective assistance of counsel, and that the court has the power to fashion an appropriate remedy for the deprivation of this right. *Bell v. Hood,* 327 U.S. 678, 684, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

■ It requires little explanation, even in an ordinary case, to establish that the special treatment accorded to Young Adult Offenders by statute is of great significance to qualifying defendants. Yet it is even more important in this case. Villar, as a resident alien, is subject to deportation upon conviction of a narcotics offense. 8 U.S.C. § 1251(a)(11). If he were to be convicted as a Young Adult Offender, however, his conviction would be automatically set aside upon his discharge from probation. 18 U.S.C. § 5021. And there is authority, although not from this Circuit, for the proposition that a conviction under the Youth Correction Act does not subject the defendant to deportation. *Morera v. United States Immigration and Naturalization Service,* 462 F.2d 1030 (1st Cir. 1972); *contra, Hernandez-Valensuela v. Rosenberg,* 304 F.2d 639 (9th Cir. 1962).

Despite the enormous significance to the defendant of obtaining Young Adult Offender treatment, previous defense counsel concededly was unaware both of his client's age and the possible benefits which he could reap from a plea prior to his twenty-sixth birthday. Despite four appearances before a magistrate prior to the time when Villar became statutorily ineligible for Young Adult Offender treatment, defense counsel never apprised the defendant of the advantages which he could achieve by pleading guilty to the charges before his 26th birthday.

■ Under these circumstances, the court is persuaded that the defendant was denied the effective assistance of counsel. Effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered. *Walker v. Caldwell,* 476 F.2d 213, 224 (5th Cir. 1973); *Jones v. Cunningham,* 313 F.2d 347 (4th Cir. 1963), cert. den., 375 U.S. 832, 84 S.Ct. 42, 11 L.Ed.2d 63 (1965). As Chief Judge Sobeloff stated in the latter case (at 353):

> "Of course, it is not for a lawyer to fabricate defenses, but he does have an affirmative obligation to make suitable inquiry to determine whether valid ones exist. *Such a duty is imposed for the salutary reason that '[P]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.' Von Moltke v. Gillies,* 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948)." (Emphasis added)

Because of previous counsel's ignorance of Villar's age and the favorable treatment to which he was entitled as a Young Adult Offender, he could not give Villar an "informed opinion" as to whether he should seek to enter a plea of guilty. This lack of awareness was so serious a matter in this case as to amount to ineffective assistance of counsel. As Circuit Judge J. Skelly Wright noted in *Poe v. United States,* 233 F.Supp. 173, 178 (D.C.1964), aff'd 122 U.S. App.D.C. 163, 352 F.2d 639 (1965):

"Where the defense is substantially weakened because of the unawareness on the part of defense counsel of a rule of law basic to the case, the accused is not given the effective representation guaranteed him by the Constitution."

*See also, United States ex rel. Williams v. Follette,* 408 F.2d 658, 660 (2d Cir. 1969), *vacated and remanded sub nom. McCann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

 Having determined that defendant Villar was denied the effective assistance of counsel, the court considers that the appropriate remedy for that deprivation is to make the defendant's guilty plea of July 10, 1975 effective *nunc pro tunc* as of November 5, 1974, the day before his twenty-sixth birthday.

Accordingly, defendant Villar is sentenced as a Young Adult Offender pursuant to 18 U.S.C. § 5010(a), as extended by 18 U.S.C. § 4209. Imposition of sentence is suspended, and defendant is placed on probation for a period of eighteen months, subject to the standing probation order of this court.

SO ORDERED.