**UNITED STATES of America, Appellee,**

v.

**Donald Charles HACH, Appellant.**

**No. 79–1750.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1980.

Decided Feb. 22, 1980.

Certiorari Denied April 21, 1980. See 100 S.Ct. 1843.

Daniel M. Scott, Federal Public Defender, Minneapolis, Minn., for appellant.

Douglas A. Kelley, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Thorwald H. Anderson, Jr., U. S. Atty., Minneapolis, Minn., on brief.

Before LAY, Chief Judge,* STEPHENSON, Circuit Judge, and THOMAS, Senior District Judge.**

STEPHENSON, Circuit Judge.

Appellant-defendant Donald Charles Hach was convicted of kidnapping. This appeal is from a denial by the district court [1] of Hach's petition for writ of habeas corpus, 28 U.S.C. § 2255. We affirm the district court.

In June of 1973, Hach was indicted in the federal district court of Minnesota for an escape from a federal correctional institution and for kidnapping. A detainer was lodged against Hach in Nebraska where he was then serving state time for crimes committed in that state.

Hach's appearance for his arraignment on August 10, 1973 on the district court of Minnesota federal charges was secured by a writ of habeas corpus ad prosequendum. Hach was arraigned, at which time he entered pleas of not guilty, and then was returned to Nebraska. On September 28, 1973, Hach again appeared in federal court in Minnesota, his appearance again being secured by a writ of habeas corpus ad prosequendum, and Hach then changed his plea to guilty of kidnapping. After his change of plea, Hach, at his request, was returned to the Nebraska state authorities pending preparation of the presentence report.

On October 19, 1973, Hach was sentenced by the Minnesota federal district court to twenty years for kidnapping.

Hach raises several arguments in his petition for a writ of habeas corpus. His first argument is that the government failed to comply with the Interstate Agreement on Detainers Act (IAD) and thus the indictment obtained in Minnesota should have been dismissed.[2] United States v. Mauro, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978) (the use of a writ of habeas corpus ad prosequendum to secure the presence of a state prisoner in a federal court makes applicable the provisions of the IAD where a detainer had previously been lodged against the prisoner).

The government replies, as it did to a similar argument in Camp v. United States, 587 F.2d 397 (8th Cir. 1978), that (1) Mauro should not be applied retroactively; (2) that Hach waived his IAD rights when he pled guilty, see Weisser v. Ciccone, 532 F.2d 101, 104 (8th Cir. 1976); and (3) that violations of the IAD should not be cognizable under 28 U.S.C. § 2255.

█ As in Camp, we only find it necessary to hold that Hach's guilty plea extinguishes his right to raise this claim under the IAD, as a violation of article IV(e) of the IAD is a non-jurisdictional error, and thus waivable by a criminal defendant. Camp v. United States, supra, 587 F.2d at 399–400.[3]

Hach's second major claim is ineffective assistance of counsel and the failure of the trial court to hold a hearing with respect to such allegations.

He encompasses his first argument (the alleged IAD violation) within this second

---

\* The Honorable Donald P. Lay became Chief Judge of the Eighth Circuit on January 1, 1980.

\*\* The Honorable Daniel Holcombe Thomas, Senior United States District Judge for the Southern District of Alabama, sitting by designation.

1. The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota.

2. IAD article IV(e), 18 U.S.C.App. § 2 provides:

If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

3. See also Camp v. United States, 587 F.2d 397, 399 n.4 (8th Cir. 1978).

argument by alleging that during the major portion of the time period between his arraignment and his eventual plea, he was located many hundreds of miles from his counsel who was charged with the responsibility of preparing a defense to meet the government's indictment.

In addition, Hach argues, *inter alia*, that his guilty plea transcript reveals that he did not admit to all of the elements of kidnapping; that there was little or no performance of allocution at sentencing; that counsel suggested a waiver of the presentence investigation; and that counsel should have investigated sufficiently to realize the legal defense of the IAD violation.[4]

The standard for effective assistance of counsel "is now established as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." *Reynolds v. Mabry*, 574 F.2d 978, 979 (8th Cir. 1978). The exercise of reasonable professional judgment, "even when hindsight reveals a mistake in that judgment, does not render a lawyer . . . lacking in competence in rendering his services." *Id.* There is a presumption that counsel has rendered effective assistance. *Thomas v. Wyrick*, 535 F.2d 407, 413 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 * * * (1976). To overcome the presumption, [the Defendant] "must shoulder a heavy burden." *McQueen v. Swenson*, 498 F.2d 207, 214 (8th Cir. 1974).

*United States v. Blue Thunder*, 604 F.2d 550, 554 (8th Cir. 1979).

[T]he evaluation of a petition alleging ineffective assistance of counsel involves a two-step process. *Rinehart v. Brewer*, 561 F.2d 126 (8th Cir. 1977). The petitioner must first show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109

* * * (1977). Second, the petitioner must demonstrate that he was materially prejudiced in the defense of his case by the actions or inactions of his counsel. *Nevels v. Parratt*, 596 F.2d 344 (8th Cir. 1979); *Morrow v. Parratt*, 574 F.2d 411 (8th Cir. 1978); *Rinehart v. Brewer*, supra.

*United States v. McMillan*, 606 F.2d 245, 247 (8th Cir. 1979).

■ Hach has failed to carry his burden, *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974), in connection with his argument that the geographical distance between him and his counsel prevented counsel from being effective, or encouraged counsel to be derelict in his responsibilities.

Primarily, a review of the record indicates that Hach's general allegations of ineffective assistance of counsel are conclusory and as the magistrate stated "at its best, frivolous, and at its worst, completely false."

In addition, the following questions were asked, *inter alia*, of Hach at the time he entered his plea:

Q. [Assistant United States Attorney] Have you had an opportunity to discuss this matter with your attorney?

A. [Hach] Yes.

Q. And has he answered all your questions?

A. Yes.

Q. Have you been satisfied with those answers?

A. Yes.

Thus, even considering the impact of these allegations upon the voluntariness of the plea:

[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are "conclusively" established by that proceeding unless and until he makes some reasonable allegation why this should not be so. Stated otherwise, we hold that a defendant should not be heard to controvert his Rule 11 statements in a subsequent

---

4. We have examined all other errors alleged by Hach and find them to be meritless.

§ 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement.

*Richardson v. United States,* 577 F.2d 447, 450 (8th Cir. 1978), *cert. denied,* 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979), *quoting United States v. Williams,* 536 F.2d 247, 249–250 (8th Cir. 1976).

■ We have reviewed the guilty plea transcript and the sentencing transcript. We are satisfied that the underlying factual circumstances to which defendant admitted satisfy the elements of kidnapping. We also note that counsel asked waiver of the presentence report because his client requested such, and further, that the judge denied it. There is no showing of prejudice even if, assuming arguendo, Hach's attorney showed a lack of competency in requesting the waiver.

The sentencing transcript also shows that Hach's attorney did make a statement in allocution at the time of sentencing and did not, as Hach alleges, abdicate this role.

■ As to Hach's arguments concerning the IAD violation, we do not find that Hach's attorney's failure to anticipate the IAD violation defense was outside the range of the "customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances." *United States v. McMillan, supra,* 606 F.2d at 247. *See Gray v. Benson,* 458 F.Supp. 1209, 1214 (D.Kan.1978). At the time Hach pled guilty, in 1973, the use of a writ of habeas corpus *ad prosequendum* to secure the presence of a state prisoner in a federal court where a detainer had previously been lodged against the prisoner had not been recognized as being covered by the IAD.[5] Not until *United States v. Mauro, supra,* did the Supreme Court explicitly hold such. That decision was in May 1978.

We thus affirm the district court.

---

5. *See Camp v. United States, supra,* 587 F.2d at 399 n.3.