Tomas L. KOWALAK, Petitioner,

v.

UNITED STATES of America,
Respondent.

Crim. No. 76–80052.

United States District Court,
E. D. Michigan, S. D.

Jan. 15, 1982.

Edward C. Wishnow, Bornstein, Wishnow, Shaye & Schneiderman, Southfield, Mich., for petitioner.

Martha Ellen Dennis, Asst. U. S. Atty., Leonard R. Gilman, U. S. Atty., Detroit, Mich., for respondent.

MEMORANDUM OPINION

CHURCHILL, District Judge.

On April 9, 1976, the petitioner, Tomas L. Kowalak, pleaded guilty to a charge of armed bank robbery in the federal district court. On March 9, 1978, while the petitioner was in custody, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In this motion the petitioner challenged his conviction on various bases, including a violation of his rights under Article IV(e) of the Interstate Agreement on Detainers, 18 U.S.C.App. [hereinafter "IAD"]. This Court found that although the provisions of the IAD were violated, the petitioner waived his rights under the IAD by voluntarily pleading guilty. *United States v. Palmer*, 574 F.2d 164 (3d Cir.), *cert. denied*, 437 U.S. 907, 98 S.Ct. 3097, 57 L.Ed.2d 1138 (1978); *see United States v. Eaddy*, 595 F.2d 341 (6th Cir. 1979).

The petitioner appealed, and the Court of Appeals for the Sixth Circuit accepted the Court's determination that the provisions of the IAD were violated. 645 F.2d 534, 536 (6th Cir. 1981). The Sixth Circuit also found that the entry of a guilty plea constitutes a waiver of the right to raise IAD violations. *Id.* 537. The Court of Appeals, however, reversed and remanded the case for an evidentiary hearing to consider the petitioner's contention that he was deprived of effective assistance of counsel in not being advised of the applicability of the IAD. *Id.* 538. The Court of Appeals emphasized that the order of remand "should not be interpreted as expressing or intimating a view on the question whether the failure of counsel to advise her client of his rights under the IAD is *per se* ineffective assistance of counsel." *Id.*

Pursuant to the remand order, an evidentiary hearing was held at which the Court received testimony from the petitioner, the petitioner's counsel, and the Assistant United States Attorney assigned to the petitioner's case. Although the Court permitted the petitioner to make a separate record with respect to other areas of alleged ineffective assistance of counsel, the Court finds that the remand order of the Sixth Circuit is limited in scope to the sole issue of whether the failure to raise the IAD defense rendered the legal assistance afforded the petitioner ineffective.

The testimony at the hearing revealed the following undisputed facts. During the relevant time period the petitioner's attorney was employed as a Deputy Defender in the Federal Defender Office, an office that primarily handles federal criminal defense work.[1] In April of 1976, at the time of the entry of the guilty plea, the petitioner's attorney was not aware of the existence of the IAD. The IAD had not been raised at the attorneys' weekly office meetings during which the staff members of the Federal Defender Office continually discussed new matters of legal interest. The first time that a member of this office became aware of the IAD was in the fall of 1976, when the applicability of the Act was raised as a defense in the case of *United States v. Dixon*, Criminal Action 46674 (E.D.Mich. 1976).

The Assistant United States Attorney assigned to the case was also unaware of the applicability of the IAD to the petitioner's case at the time the guilty plea was entered. The first time that a member of the United States Attorney's Office for the Eastern District of Michigan became aware of the IAD was in the fall of 1976 when it was raised in *Dixon, supra.* As soon as the Assistant United States Attorney became aware of the IAD issue, he circulated a memo regarding this Act to the other members of his office.

From the foregoing facts elicited at the hearing and from the absence of any testimony to the contrary,[2] the Court concludes that during the spring and summer of 1976, there was a general lack of awareness of the IAD in the legal community. The petitioner, however, urges the Court to find that the failure to raise the IAD claim constituted *per se* ineffective assistance of counsel. In the alternative, the petitioner argues that the petitioner's counsel should be held to a higher standard of effectiveness, since she was associated with an office that specialized in federal criminal defense work.

For reasons stated below the Court rejects both contentions.

■ The burden of proof in a claim for ineffective assistance of counsel lies with the defendant. *Kowalak, supra*, at 536. In *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974), the Sixth Circuit rejected the "farce and mockery of justice" test previ-

---

1. The Court takes judicial notice of the fact that the Federal Defender Office, with which the petitioner's counsel was associated, has been handling between 50–75% of all indigent felony work in the United States District Court for the Eastern District of Michigan.

2. The Court specifically gave the petitioner additional time to submit further testimonial evidence on the extent to which the legal community was aware of the IAD in the spring and summer of 1976. No such further evidence was proffered.

ously applicable to claims of ineffective assistance of counsel. The *Beasley* court held that the "assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance." *Id.* 696. *See* Annot., 26 A.L.R.Fed. 204 (1976). The Sixth Circuit emphasized that "defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations." *Id.* Although the *Beasley* standard has been applied in several subsequent Sixth Circuit opinions, these decisions are not controlling on the issue before this Court because of the inapposite fact pattern of each of the cases. *See Caldwell v. United States,* 651 F.2d 429 (6th Cir. 1981); *Wiley v. Sowders,* 647 F.2d 642 (6th Cir. 1981); *Isble v. United States,* 611 F.2d 173 (6th Cir. 1979); *United States v. Renfro,* 600 F.2d 55 (6th Cir.), *cert. denied,* 444 U.S. 941, 100 S.Ct. 294, 62 L.Ed.2d 307 (1979); *Canary v. Bland,* 583 F.2d 887 (6th Cir. 1978); *Wilson v. Cowan,* 578 F.2d 166 (6th Cir. 1978); *United States v. La Riche,* 549 F.2d 1088 (6th Cir.), *cert. denied,* 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977).

Although the precise issue before the Court has not been addressed by the Sixth Circuit, three courts from other jurisdictions have considered the claim of ineffective assistance of counsel with respect to the failure to raise an IAD violation defense. *United States v. Hach,* 615 F.2d 1203 (8th Cir.), *cert. denied,* 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980); *United States v. Williams,* 502 F.Supp. 721 (W.D.Pa.1980); *Gray v. Benson,* 458 F.Supp. 1209 (D.Kan.1978), *aff'd on other grounds,* 608 F.2d 825 (10th Cir. 1979). All three cases involved a violation of Art. IV(e) of the Act, which is the claim asserted before this Court.

In *Hach* the defendant pleaded guilty to kidnapping and appealed from his conviction, alleging, *inter alia,* that his attorney's failure to raise a defense based upon the IAD deprived him of effective assistance of counsel. The Eighth Circuit held that an attorney's failure to anticipate an IAD violation defense did not constitute ineffective assistance of counsel because the attorney's conduct was not "outside the range of the 'customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances.'" *Hach, supra,* at 1206 *quoting United States v. McMillan,* 606 F.2d 245, 247 (8th Cir. 1979). The court noted that at the time the defendant in *Hach* pleaded guilty, in 1973, the IAD had not been held applicable to the transfer of prisoners pursuant to a writ of habeas corpus *ad prosequendum* where a detainer had been previously lodged against a prisoner. Since the application of the IAD to writs had not been specifically recognized until the 1978 decision of *United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978), the Eighth Circuit concluded that the failure to anticipate this defense did not violate the defendant's Sixth Amendment right to effective counsel.

In *Gray v. Benson, supra,* the defendant, in an action for habeas corpus relief under 28 U.S.C. § 2255, asserted the invalidity of his guilty plea on the basis of his counsel's failure to inform him of an IAD defense at the time his plea was entered in August of 1976. Emphasizing that the validity of a guilty plea depends upon whether the advice of counsel " 'was within the range of competence demanded of attorneys in criminal cases,'" the court found that the defendant's counsel could not be faulted for failing to recognize a potential defense when the *Mauro* decision was not issued until two years after the plea was entered. *Id.* 1214 *quoting McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The *Benson* court also found that the failure to anticipate the defense "was not outside the range of contemporary, competent legal assistance." *Id.* 1214.

Finally, in *United States v. Williams, supra,* the court conducted an evidentiary hearing on the defendant's claim that his counsel had failed to inform him of a potential defense under the IAD. Applying the Third Circuit standard of "customary skill

and knowledge which normally prevails at the time and place," *Moore v. United States*, 432 F.2d 730, 736 (3d Cir. 1970), the court followed the reasoning of the decisions in *Hach* and *Benson* and found that the defendant had not been deprived of effective assistance.

Although all three courts characterized the alleged ineffectiveness as a failure to anticipate an advance in the law, the court in *Williams* recognized that the advance was not wholly unanticipated, since two district courts had ruled on the issue of the application of the IAD to writs of habeas corpus *ad prosequendum*. *United States v. Sorrell*, 413 F.Supp. 138 (E.D.Pa.1976), aff'd, 562 F.2d 227 (3d Cir. 1977), cert. denied, 436 U.S. 949, 98 S.Ct. 2858, 56 L.Ed.2d 793 (1978); *United States v. Mauro*, 414 F.Supp. 358 (S.D.N.Y.), aff'd, 544 F.2d 588 (2d Cir. 1976), rev'd, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). The court noted, however, that the district court opinions were filed four months before the defendant's September, 1976 trial; and given the lag time between the filing of an opinion and its appearance in the advance sheets, there was a possibility that the district court decisions were not readily available to counsel at the time of trial. *Id.* 723. Emphasizing that at the time it was first raised the IAD defense at issue was deemed a "stroke of genius," the court also found that counsel "could not have been held to have been able to come up with this defense alone." *Id.* 724 citing *Gray, supra*, at 1214.

Despite the identity of claims, the foregoing decisions did not consider the issue of ineffective assistance as presented by the facts of this case, i.e., where defense counsel is totally unaware of the existence of the statute serving as the basis for the defense.[3] Had the petitioner's counsel in this case testified that she knew of the Act but thought it to be inapplicable, the Court would find the reasoning of *Williams, supra*, persuasive. The issue raised in this case, however, is when should ignorance of

the law rise to the level of a Sixth Amendment violation.

■ The petitioner argues that unawareness of the provisions of the IAD on the part of the petitioner's counsel renders her representation of the petitioner *per se* ineffective. He points out that the IAD became effective in 1970 and had been discussed in the context of federal prisoners in several reported federal decisions prior to the date of the entry of the guilty plea. *See United States v. Dowl*, 394 F.Supp. 1250 (D.Minn.1975); *United States v. Mason*, 372 F.Supp. 651 (N.D.Ohio 1973); *United States v. Cappucci*, 342 F.Supp. 790 (E.D.Pa.1972). *See also* Annot., 98 A.L.R.3d 160 (1980).

Although not framing the issue in terms of a *per se* rule, the court in *Poe v. United States*, 233 F.Supp. 173, 178 (D.D.C.1964), aff'd, 352 F.2d 639 (D.C.Cir.1965), considered the question of when ignorance of the law results in a deprivation of a defendant's Sixth Amendment right to effective assistance of counsel. Judge Skelly Wright, sitting by designation, stated:

> "Where the defense is substantially weakened because of the unawareness on the part of the defense counsel of a rule of law basic to the case, the accused is not given the effective representation guaranteed him by the Constitution."

*Id.* The foregoing principle indicates that whether a valid claim for ineffective assistance has been stated in a case, such as this, where the alleged ineffectiveness is based upon unawareness of the law depends upon a consideration of two factors: (1) The degree of prejudice to the defendant resulting from the unawareness on counsel's part of the rule of law giving rise to the defense, and (2) the extent to which such a rule of law was basic to the case. These same factors were considered by the Sixth Circuit in *Beasley* when it enunciated the following principle:

> "Defense counsel must investigate all *apparently substantial* defenses available to

---

**3.** Although it is unclear from the discussion of the facts in *Hach* and *Benson* whether counsel at issue were aware of the existence of the

IAD, neither court focused upon ignorance of the law in its consideration of the claim of ineffective assistance of counsel.

the defendant and must assert them in a proper and timely manner."

491 F.2d at 696 [emphasis added].

■ Given the present state of the law, it is now certain that the IAD defense, if raised at the appropriate time, would have resulted in a dismissal of the federal charges against the petitioner. Whether such a result would have occurred in April of 1976 is unclear. *See Williams, supra,* at 723–24. Therefore, it is at least questionable whether at the time the plea was entered the petitioner was substantially prejudiced by counsel's unawareness of the IAD. Even if the IAD defense were clearly a substantial one at the time of the plea, it cannot be said that the IAD was a rule of law basic to the case. The petitioner was charged with armed bank robbery under 18 U.S.C. § 2113(a) and (d). The rules of law basic to the petitioner's case would have been the various principles of criminal law and procedure directly associated with the defense of an armed bank robbery charge. The provisions of the IAD are not contained in the charging statute nor even in the general text of the criminal code. An attorney assisting a defendant in determining whether to plead guilty to a charge of armed bank robbery cannot automatically be charged with knowledge of all parts of the criminal code and its appendix that are wholly unrelated to the offense charged.

In view of the uncertainty surrounding the application of the IAD and the collateral nature of this Act, the Court finds that the assistance accorded to the petitioner by his attorney at the time of the entry of the guilty plea was not *per se* ineffective.[4]

■ The Court similarly rejects the petitioner's claim that the attorney at issue should be held to a higher standard of effectiveness because of her alleged expertise in the area of federal criminal defense work. We are not dealing with a claim of legal malpractice where the extent of an attorney's liability is measured by the level of expertise or specialization the attorney has represented himself to have. The Sixth Amendment standard for effective assistance of counsel does not vary with the degree of experience of any given counsel. If that were the case, then the extent of a defendant's Sixth Amendment protection would depend upon the fortuitous circumstances surrounding the retention or appointment of counsel in each given case. The focus of the Sixth Amendment protection is the defendant's right to effective representation, and not the attorney's duty to perform at the specific level of competence imposed upon him by virtue of his degree of expertise.[5]

In light of this Court's prior finding that at the time the plea was entered the legal community was generally unaware of the existence of the IAD, it is the opinion of this Court that counsel's unawareness of the provisions of this Act did not prevent her from performing "at least as well as a lawyer with ordinary training and skill in the criminal law" and from "rendering reasonably effective assistance." *Beasley, supra,* at 696.

For the foregoing reasons, the Court finds that the petitioner has failed to carry his burden of showing that he was denied effective assistance of counsel at the time of the entry of the guilty plea.

---

4. This ruling is not inconsistent with the decision in *United States v. Villar,* 416 F.Supp. 887 (S.D.N.Y.1976). In *Villar* the court found that the defendant was denied effective assistance of counsel where the attorney advising him on whether to plead guilty to a charge of unlawful distribution and possession of cocaine was unaware of the favorable treatment available to qualifying defendants under the Young Adult Offender Act, 18 U.S.C. § 4209. Not only was the applicability of the Act not in dispute at the time of the entry of the guilty plea in *Villar,* § 4209 is an integral part of the criminal code and is highly relevant to the sentencing stage of a defendant's case.

5. Even if a higher standard of effectiveness would be appropriate in a Sixth Amendment context, such a standard would have been met in this case because the testimony revealed that members of the Federal Defender Office and the United States Attorney's Office, offices specializing in federal criminal defense work, were unaware of the IAD at the time the plea was entered.

An appropriate order denying the petitioner's motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255, will be entered.