731 F.2d 527
 Deborah J. BRUNER, Appellant,
v.
Gina C. DUNNING, in her capacity as Acting Director of the
Nebraska Department of Public Welfare; Connie
Amberg, in her capacity as a Public
Welfare worker for the State
of Nebraska, Appellees.
 No. 83-2019.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 16, 1984.
Decided March 27, 1984.
 
 Paul L. Douglas, Atty. Gen., Royce N. Harper, Asst. Atty. Gen., Lincoln, Neb., for appellees.
 Leroy P. Shuster, Lincoln, Neb., for appellant.
 Before LAY, Chief Judge, HEANEY and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Deborah J. Bruner brought an action under Section 1983 of Title 42 against the Director of the Nebraska Department of Public Welfare. She asserts that she had not been afforded due process in state court proceedings concerning her parental rights. The district court, the Honorable Warren K. Urbom presiding, held that Bruner had not been denied due process of law. On appeal, Bruner contends that the district court erred in determining that she had not been deprived of due process due to alleged ineffective assistance of counsel and inadequate notice of hearings. We affirm.
 
 
 2
 Bruner is the mother of a hyperactive child who has been temporarily placed in the custody of the Nebraska Department of Public Welfare (now the Department of Social Services). The state court proceedings at issue here spanned from May, 1977 to September, 1981. The juvenile court held that it was in the child's best interest to terminate Bruner's parental rights. On appeal, the Nebraska Supreme Court modified the order, such that Bruner's parental rights were not terminated; however, custody of her son would continue in the Department of Public Welfare, with her having visitation rights. In re Interest of McKinzie, 212 Neb. 399, 323 N.W.2d 78 (1982). In federal court Bruner alleged that she had been denied effective assistance of counsel because her appointed counsel allegedly failed to interview and call material witnesses, discuss potential defenses with her, adequately apprise her of the consequences of missing hearings, develop a plan for Bruner's resumption of custody of her son, or to object to evidence presented at the hearings in which custody was determined. Bruner also alleges that she was denied due process because of inadequate notice of the hearings dealing with custody of her son.
 
 
 3
 The district court determined that to establish her claim of ineffective assistance of counsel, Bruner must show that her appointed counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances" and that, as a result, she was "materially prejudiced" in the defense of her claims in state court. Bruner v. Nebraska, No. CV82-L-129, slip op. at 9-10 (D.Neb. June 30, 1983) (quoting United States v. McMillan, 606 F.2d 245, 247 (8th Cir.1979)). The district court found that counsel's failure to call certain witnesses was not prejudicial because it did not appear that the proposed testimony would have been relevant to the issue of Bruner's ability to provide for her son's special needs. The court also found that although counsel's failure to discuss defenses may have been a breach of his duty to consult with Bruner, any resulting prejudice was merely unsupported speculation. The district court also found that any prejudice resulting from counsel's failure to warn her of the consequences of missing hearings was moot by virtue of the Nebraska Supreme Court's reversal of the juvenile court's decision to terminate her parental rights. The district court also found that Bruner failed to establish that counsel's failure to fully develop a plan for Bruner's resumption of custody was prejudicial in that she presented no evidence that counsel could have developed a viable plan. Finally, the court found that counsel's failure to object to evidence appeared to be the result of tactical choices rather than a dereliction of duty.
 
 
 4
 The district court also rejected Bruner's allegations of a denial of due process because of inadequate notice of the hearings. Apparently Bruner missed four of fifteen hearings. The court found that her absences did not significantly affect the state court judge's decision that Bruner was unable to care for her son's needs; consequently, Bruner was not prejudiced, regardless of the adequacy of the notice. Moreover, the court found that only two of the four involved any matters of substance. For one of these two, the court found that her allegation of inadequate notice was factually unfounded and for the other, the state court judge had explicitly stated that the outcome was not dispositive of the merits of the case as a whole.
 
 
 5
 On the basis of these findings and conclusions, the district court determined that Bruner had not been denied due process. Upon our review of the record we find that the district court did not err as a matter of law and that its judgment is based on findings of fact that are not clearly erroneous. The judgment of the district court is affirmed.
 
 
 6
 We note that Bruner's visitation rights are intact and that, subject to an adequate showing of changed circumstances, her right to return to juvenile court to regain her custodial rights remains. We pass no judgment on the other issues raised in the district court's opinion.
 
 
 7
 Affirmed. See 8th Cir.R. 14. Each party is to pay their own costs.