Douglas L. COX, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 88–0307–CV–W–9–P, 87–00163–04–CR–W–9.

United States District Court, W.D. Missouri, W.D.

Feb. 7, 1991.

Douglas L. Cox, pro se.

Peter Martin Ossorio, U.S. Attorney's Office, Kansas City, Mo., for respondent.

## ORDER DENYING RELIEF UNDER SECTION 2255

BARTLETT, District Judge.

### Background

On July 21, 1987, an Indictment was filed charging petitioner, Douglas Cox, with conspiracy to distribute cocaine in violation of 42 U.S.C. § 846 and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On August 27, 1987, petitioner pled guilty to the charge contained in Count IV, and the charges contained in Counts I through III were dismissed in exchange for petitioner's guilty plea. Case No. 87–00163–04–CR–W–9 (W.D.Mo.).

On January 28, 1988, after the Presentence Investigation Report (PSI report) had been reviewed by Cox and his counsel and after my review of numerous diagnostic reports about him, I sentenced Cox to six years imprisonment pursuant to 18 U.S.C. § 4205(a) and to a five year period of supervised release.

On March 6, 1989, Cox filed a "Motion for Assignment of Counsel and Subsequent Evidentiary Hearing" and a motion, along with a supporting affidavit, for relief pursuant to 28 U.S.C. § 2255 setting forth 11 grounds why his imprisonment is illegal. On June 1, 1989, the United States responded to petitioner's motions. On July 13, 1989, petitioner filed a "Traverse to Government's Response in Opposition to Petitioner's Motions for Assignment of Counsel; for Evidentiary Hearing and for Relief, Pursuant to 28 U.S.C. 2255."

On July 13, 1989, petitioner filed a "Motion Requesting Leave of this Court to Amend and/or Supplement Habeas Corpus Grounds and Allegations." In this motion, petitioner sets forth a twelfth ground for relief arguing a violation of his due process rights under the Interstate Agreement on Detainers Act.

On November 3, 1989, petitioner filed a "Motion Requesting Leave of this Court to Amend and/or Supplement Petitioner's Motion to Vacate Grounds and Allegations." In this motion, petitioner requests to supplement Grounds 1 and 5 of his § 2255 motion.

On December 14, 1989, petitioner filed a second § 2255 motion asserting that the "District Court has failed to act on previous Motion to Vacate (# 88–0307–CV–W–9–P) in the prompt manner as described in Circuit and Supreme Court authorities of six (6) months."

On January 18, 1990, I granted petitioner leave to amend his § 2255 motion to add a twelfth ground of relief and to supplement Grounds 1 and 5. On February 20, 1990, the United States responded to petitioner's twelfth ground for relief asserted in his July 13, 1989, motion and to petitioner's supplementation of Grounds 1 and 5 as set forth in his November 3, 1989, motion. On March 15, 1990, petitioner filed his "Traverse to the Government's Response to Petitioner's Motions of July 13, 1989 and November 3, 1989."

### No Evidentiary Hearing Necessary

No evidentiary hearing is necessary in this case because petitioner's grounds

for relief can be resolved from a review of the record. Because an evidentiary hearing is not needed; the appointment of counsel to represent petitioner in his § 2255 motion also is not required. *Cates v. Ciccone,* 422 F.2d 926, 928 (8th Cir.1970).

### Petitioner's Grounds for Relief

#### Ground 1

Petitioner alleges that his sentence involved an incorrect application of the sentencing guidelines in that the five-year term of supervised release imposed at sentencing is greater than the term of supervised release authorized by 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 3583(b)(2) and Section 5D1.2(b)(2) of the Sentencing Guidelines Manual.

In his November 3, 1989, motion, he supplements Ground 1 by alleging that his sentence was imposed "in violation of law, and was imposed as a result of an incorrect application of the Sentencing Guidelines" because his six-year term of imprisonment exceeded the penalty authorized for a violation that occurred before November 1, 1987.

■■ The Sentencing Guidelines are not applicable to petitioner's case because his guilty plea and the events for which he pled guilty occurred before November 1, 1987. *Houser v. United States,* 508 F.2d 509, 516, n. 55 (8th Cir.1974). There is no problem with the length of time imposed for post-incarceration supervision. 21 U.S.C. § 841(b)(1)(C). However, under *United States v. Portillo,* 863 F.2d 25, 26–27 (8th Cir.1988), that portion of the judgment referring to "supervised release" will be vacated. In its place will be substituted provision for a "special parole" term of five years.

#### Ground 2

Petitioner basically asserts that his guilty plea was involuntary because he was incompetent to enter a plea due to his central nervous system disorder, he was not allowed a psychiatric examination before he pled guilty, and he was "coerced into pleading guilty due to threats of severe retribution by the Government, and defense counsel."

■ Petitioner did not request a psychiatric examination before entering his guilty plea. Furthermore, no objection was raised by petitioner to that part of the PSI report summarizing the psychiatric examination performed shortly before the sentencing in Kansas and at the Rainbow Mental Health Facility. Based on these examinations and on petitioner's failure to request another examination in his federal case, no basis has been presented for concluding that he was incompetent to enter a plea or that he should have had a psychiatric examination before he pled guilty.

■ With regard to petitioner's claim that he pled guilty because of "threats of severe retribution by the government, and defense counsel," petitioner stated under oath at the August 27, 1987, hearing that no threat had been made.

Judge: Has anybody threatened you in order to put pressure on you to come here and plead guilty?

Mr. Cox: Oh no, sir, nobody, to come here and say, to vindicate everybody of the charges. I have had that kind of threat put on me, but not the threat to come here to plead guilty. I have just had my options pointed out to me. I am going to have to accept—I am going to have to—excuse me?

Mr. Conrad: He wants to know if you were threatened or made to plead guilty.

Mr. Cox: No, sir, I never was threatened or made to plead guilty. I just feel I have to do it to vindicate myself.

Judge: Has anybody threatened a friend or family member in order to get you to come here to plead guilty?

Mr. Cox: No, sir, not to plead guilty.

Tr. at 54. Furthermore, at the sentencing hearing on January 28, 1988, five months later, petitioner spoke for five and one-half pages of transcript but did not mention any threats or coercion by government or defense counsel. Tr. 70–76. In fact, he volunteered that he was satisfied with his attorney's work. Tr. 60.

## Ground 3

In 15 paragraphs petitioner alleges that the trial court erred by failing to 1) provide defendant with a psychiatric examination, 2) conduct an evidentiary hearing of petitioner's capacity to enter a plea, 3) submit the issue of insanity to a jury, 4) allow petitioner to "cross-examine the authenticity or truthfulness" of "documents submitted as fact," and 5) allow the petitioner "to apprise information contained in the medical diagnosis from the State Reception and Diagnostic Center, in Kansas conviction, before entering it into evidence." Petitioner also asserts that the trial court "did not review complete record, even though the defendant alleged that records were incomplete" and erred by "call[ing] on his own personal knowledge and impression to decide on issues of post-conviction relief motions, that the accuracy of which would not be testes [sic] by adequate cross-examination."

■ Petitioner's allegation that he was not competent at the time of the crime is not a ground for moving to vacate conviction. *Houser v. United States*, 508 F.2d 509, 517 (8th Cir.1974).

I have already discussed and rejected petitioner's claim that he was incompetent at the time he entered his plea and that he should have received another competency examination. Based on the record of the guilty plea and sentencing, my belief is that petitioner sought to use his mental condition as a basis for a lenient sentence. One reason for this belief is that the very talkative Cox never raised this claim during the lengthy hearing on the change of plea and sentencing. Only after learning what the sentence would be did he assert that he was not competent to plead guilty.

Petitioner had ample opportunity at the time of sentencing to challenge any document considered by me. Information in the Kansas examination report was shared with his counsel before sentencing.

## Ground 4

■ Petitioner asserts that he was denied "due process rights by the Government and/or the court-appointed attorney for the defense." Several of petitioner's assertions included in this ground have already been discussed. Assertions presented for the first time are 1) he was prejudiced by "defense counsel's total lack of providing response to his client, or making a reply to it as provided by law;" 2) the consequences of a guilty plea were not adequately explained to petitioner; 3) petitioner was not informed that intent was an essential element of the crime with which he was charged; 4) petitioner was given "false assurance by the government, and defense counsel of a lighter sentence, in exchange for his guilty plea . . .;" and 5) petitioner was not represented by counsel "between the date of sentencing, and the expiration of time allowed for appeal from judgment of conviction."

The record reveals that the consequences of petitioner's plea were explained to him. Tr. 17–21. Also, petitioner was advised that intent was an element of the crime charged by reading the Indictment. Tr. 15.

Petitioner's allegation that he received "false assurances" by the government and defense counsel of a lighter sentence are refuted by the record of the change of plea hearing. Tr. 17, 19, 38–39, 56–57.

## Ground 5

In 29 paragraphs, petitioner contends he was denied effective assistance of counsel. He asserts counsel failed to investigate adequately his "long history of mental illness and incompetency to enter a plea or stand trial," failed to have petitioner undergo a competency evaluation, and failed to discuss an insanity defense with petitioner. He alleges that counsel did not call or interview any witnesses and did not adequately develop material facts. He contends that counsel did not disclose the entire contents of the PSI report to him and that counsel failed to talk with petitioner's mother, wife or other family members about his mental history. He alleges counsel coerced his plea and confession, failed to object to an incorrect application of the sentencing guidelines, failed to advise him of his right to appeal, and failed to file an

appeal. He also states that counsel "failed to develop potential defenses; inform the defendant of the consequences of a guilty plea; to initiate plea-bargaining negotiations."

In his November 3, 1989, motion, petitioner supplements Ground 5 by alleging his counsel failed "to recognize the fact that the sentencing court was imposing a sentence as a result of an incorrect application of the sentencing guidelines."

■ In order to establish ineffective assistance of counsel, petitioner must show that his attorney's representation fell below an objective standard of reasonableness *and* that, as a result, there is a reasonable probability that the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Wycoff v. Nix,* 869 F.2d 1111, 1117 (8th Cir.1989). Some of the allegations in this ground have already been addressed. None of these provide a basis for relief.

Similarly, the other allegations presented do not warrant relief for the reasons given by respondent. For instance, petitioner complains that his incompetency to change his plea is established by his admission to a psychiatric ward six months later. The letter from the psychiatrist dated April 29, 1988, states that petitioner's inpatient status "is not an indicator of [his] competency or responsibility."

### Ground 6

I am unable to find a Ground 6 in petitioner's March 6, 1989, motion. However, both the United States and petitioner address Ground 6 in their subsequent motions. Petitioner's assertions under this ground appear to be 1) his counsel did not follow the proper procedures under the Local Rules of this court in his resignation; 2) petitioner was denied counsel prior to indictment; and 3) he was denied counsel at "all critical stages of trial, from the initial appearance through appeal."

Based on the record presented, none of these grounds presents a basis for relief.

### Ground 7

This ground consists of 47 statements which petitioner asserts "were conclusively established" pursuant to Rule 36, Federal Rules of Civil Procedure, "by way of 'Admission of Fact'" sent to the United States. Examples of these statements are: 1) "[c]ounsel failed to request competency hearing;" 2) "[d]efendant's confession was coerced;" and 3) "[p]etitioner is imprisoned illegally."

■ Petitioner's efforts to use civil discovery such as requests for admissions under Rule 36 was never authorized. *See* Rule 6 of the rules governing proceedings under § 2255.

### Ground 8

Petitioner alleges denial of the right to appeal by: 1) counsel's failure to file for appeal, 2) counsel's failure to appeal an incorrect application of the sentencing guidelines, 3) counsel's failure to inform petitioner of the right to appeal a "guilty verdict," and 4) the trial court's failure to inform petitioner of a right to appeal.

■ Petitioner had no right to an appeal from his guilty plea for any reason articulated by him. Since the sentencing guidelines were not applicable to petitioner's case, his counsel had no obligation to appeal an incorrect application of the guidelines.

### Ground 9

Petitioner alleges "[d]efault by the Clerk of the Court" in these ways: 1) by withholding forms, 2) by failing to provide the Local Rules of the court upon request and in a timely manner, 3) by failing to provide "documentation, transcripts, and other evidence upon request," 4) by failing to respond to petitioner's "requests and/or inquiries," 5) by withholding the United States' Response from petitioner, and 6) for the "suppression of evidence that is and was vital to the movant's claim for post-conviction relief."

Petitioner's allegations in support of this ground are either so vague that I cannot figure out what is being complained about

*or* obviously lacking in merit because the requested information has been received.

### Ground 10

Petitioner alleges "conflict of interests" because his attorney was appointed, authorized, compensated, established and maintained by the court.

No basis is given for concluding that any conflict of interest existed.

### Ground 11

Petitioner contends that his "[c]onviction and confession were obtained by use of entrapment and coercion." He asserts that he was "coerced and entrapped into setting up drug transactions for the Drug Enforcement Agents" who took advantage of his suggestibility caused by his "central nervous system disease." He also alleges that "[d]efendant's plea was made involuntarily, without an understanding of the nature of the charge, consequences of the plea, or of defendant's free will."

■■■ Even if there is a basis for an entrapment defense, petitioner waived such a defense by pleading guilty. *Hughes v. United States*, 371 F.2d 694, 696 (8th Cir. 1967). Petitioner's reassertion of his plea being involuntary is refuted by the record of the change of plea hearing. "Solemn declarations in open court ... carry a strong presumption of verity." *United States v. Unger*, 665 F.2d 251, 254 (8th Cir.1981).

### Ground 12

Petitioner alleges violations of the Interstate Agreement on Detainers Act that deprived him of his right to due process of law. The petitioner's presence in this court in August 1987, had been obtained under authority of a Writ of Habeas Corpus Ad Prosequendum. The alleged violations arise from his transfer from Missouri to Kansas to commence serving a state sentence there and to undergo voluntarily an evaluation at the Kansas State Reception and Diagnostic Center before sentencing by this court.

■■■ Petitioner pled guilty before he was transferred to Kansas thereby extinguishing his right to raise a claim for a violation of the Interstate Agreement on Detainers Act. *United States v. Hach*, 615 F.2d 1203, 1204 (8th Cir.1980), *cert. denied*, 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980). Moreover, the record contains no evidence that petitioner was prejudiced by his transfer. In fact, defendant requested to be transferred to Kansas so that he could be evaluated at the Kansas State Reception and Diagnostic Center and argued that this transfer would not constitute a violation of the Interstate Agreement on Detainers Act. September 11, 1987, Motion to Return Defendant to Confinement in the Johnson County Jail, Olathe, Kansas, in case No. 87–00163–04–CR–W–9 (a copy of this motion is attached to the United States' February 20, 1990, Response).

Every one of petitioner's numerous allegations have not been addressed in this opinion. Those that have not are ruled against petitioner for the reasons stated by the United States in its Response or because, on the record, the grounds are clearly without merit. Petitioner's shotgun approach of raising numerous grounds, many of which are clearly without merit, would warrant sanctions were he not appearing *pro se*. At some point even the consideration shown *pro se* litigants must be exhausted. Petitioner's presentation in this case came dangerously close.

Based on a thorough review of the record and for the reasons stated, it is hereby ORDERED that:

1) the portion of petitioner's sentence that concerns a five-year term of "supervised release" should be administratively changed to a five-year term of "special parole;"

2) the remaining relief requested pursuant to 28 U.S.C. § 2255 is denied; and

3) petitioner's Motions for an Evidentiary Hearing and for Appointment of Counsel are denied.