Ronald James MINSHEW, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 26563.

Summary Calendar.

United States Court of Appeals Fifth Circuit.

April 21, 1969.

Ronald James Minshew, appellant, pro se.

Charles L. Goodson, U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

The sole issue presented on this appeal is whether appellant should be re-sentenced as an ordinary criminal offender for his violation of 18 U.S.C. § 2312. He was sentenced under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010 (b), as requested by his court-appointed counsel.

The district court conducted an evidentiary hearing on the merits of the petition for post-conviction relief and held that appellant had freely and voluntarily pled guilty, because he was guilty and not because of any promise, as he himself testified. *Compare* Marvel v. United States, 1965, 380 U.S. 262, 85 S. Ct. 953, 13 L.Ed.2d 960. Because it appeared that counsel might have advised appellant that the maximum sentence was five years, the court ordered that the maximum period for his imprisonment and supervision under the Act should not exceed five years. This order is not questioned.

■ Appellant has been conditionally released and is under supervision, as authorized by 18 U.S.C. §§ 5017, 5019. In the event that he is unconditionally discharged before expiration of his maximum sentence, the conviction will automatically be set aside. 18 U.S.C. § 5021. Because his conviction can be set aside under the Youth Corrections Act, it is obviously not in his best interests to be re-sentenced as an ordinary criminal offender.

We find no reversible error in the proceedings below. The judgment of the district court is

Affirmed.