431 F.2d 740
 Cecil Olson BAILEY, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cecil Olson BAILEY, Jr., Defendant-Appellant.
 No. 29415.
 No. 29500 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 9, 1970.
 
 Fred M. Burner, Dallas, Tex., for appellant.
 Cecil O. Bailey, Jr., pro se.
 Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In these consolidated appeals we review judgments of conviction in the district courts for the Southern District of Mississippi (No. 29,415, a Dyer Act violation) and the Northern District of Texas (No. 29,500, escape from federal custody). We affirm both judgments.
 
 
 2
 In the first case, No. 29,415, appellant contends that he was deprived of his right to counsel and was sentenced to serve an indeterminate sentence under the Youth Correction Act[1] without adequately being informed of the longer detention period under that Act. An examination of the record discloses that appellant was fully informed of his right to counsel and voluntarily executed a written waiver. The district judge informed him that he might be sentenced under the Youth Correction Act, explained the penalties under it by reading almost verbatim from it, and informed him of the otherwise applicable sentence. Appellant was thereupon reminded once again that he had waived counsel and was offered an opportunity to withdraw his plea and undergo a trial with the assistance of court-appointed counsel. He declined the offer. We conclude that the above facts reveal no infringement of appellant's right to counsel.[2]
 
 
 3
 In the second case, No. 29,500, appellant contends that a subsequent conviction of escape from federal custody pursuant to the above conviction is void because, he argues, that conviction is a nullity. This contention is frivolous. In light of our disposition of No. 29,415, supra, we need not discuss it.
 
 
 4
 The judgments rendered in both cases, Nos. 29,415 and 29,500, are affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I
 
 
 [1]
 18 U.S.C. § 5010(b)
 
 
 [2]
 See Minshew v. United States, 410 F.2d 396 (5th Cir. 1969); James v. United States, 388 F.2d 453 (5th Cir. 1968); Marvel v. United States, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 (1965).