**Melvin E. TUTEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 81–204.**

District of Columbia Court of Appeals.

Argued Nov. 25, 1981.

Decided Feb. 10, 1982.

---

Linda S. Gillespie, Washington, D. C., appointed by the court, for appellant.

Lisa J. Stark, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry and Barry M. Tapp, Asst. U. S. Attys., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and NEBEKER, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of carrying a pistol without a license in violation of D.C.Code 1981, § 22–3204, and, on January 26, 1981, was sentenced to a prison term of two to six years. The issue on appeal is whether a felony recidivist sentence may be imposed on the basis of a prior Federal Youth Corrections Act (FYCA) conviction. 18 U.S.C. § 5005 *et seq.* (1976).

Appellant, on November 16, 1970, had previously been sentenced under the FYCA to two years probation for carrying a pistol without a license. He was discharged unconditionally at the end of the two years. Appellant did not apply for a certificate setting aside his conviction, and no such certificate was issued by the court. Appellant (in this case) was again found guilty of carrying a pistol without a license on November 26, 1980. Pursuant to D.C.Code 1981, § 23–111, the prosecutor informed the trial court of the earlier conviction which made appellant eligible for an enhanced penalty under D.C.Code 1981, § 22–3204. Based on the earlier conviction, appellant was sentenced as a felon rather than as a misdemeanant.

To determine whether a FYCA conviction may be the basis for a felony recidivist sentence, we look first to the language of the statute itself. *Lewis v. United States,* 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980); *Davis v. United States,* D.C.App., 397 A.2d 951, 956 (1979). The FYCA provides in 18 U.S.C. § 5021(b) that

> Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

 Appellant contends that it was error to base his 1981 sentence on his prior FYCA conviction because that conviction should have been automatically set aside under § 5021(b). He argues that the plain language of the statute, its legislative history, and its purposes mandate an automatic set aside because he successfully completed the probationary sentence imposed upon him under the FYCA. However, the assertion that § 5021(b) mandates automatic set aside ignores the phrase "prior to the expiration of the maximum period of probation heretofore fixed by the court." A statute should not be construed in such a way as to render certain provisions superfluous or insignificant. *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–520, 99 L.Ed. 615 (1955); *Zeigler Coal Co. v. Kleppe,* 175 U.S.App.D.C. 371, 379, 536 F.2d 398, 406 (1976). Following appellant's interpretation of the statute would necessitate violating this fundamental rule of statutory construction.

 The language of the statute indicates that convictions are to be set aside only when (1) a youth offender has been given a probationary sentence, (2) a court, in its discretion, decides to discharge him from probation before the term of his probationary sentence has expired, and (3) the discharge is unconditional.

 Appellant places primary reliance in his argument on *United States v. Arrington,* 618 F.2d 1119 (5th Cir. 1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 876, 66 L.Ed.2d 812 (1981). The *Arrington* court decided that a FYCA conviction is automatically set aside when the defendant is sentenced to any term less than the maximum available sentence and the defendant is unconditionally discharged, regardless of whether the discharge occurred before completion of the actual sentence imposed. Not only, in our judgment, does *Arrington* rely on unpersuasive authority, but also the House of Representatives Report makes clear that the time span for unconditional release is measured by the maximum sentence actually imposed, not by the maximum possible sentence for that offense. The report states that the youth offender must be discharged "unconditionally on or

before the expiration of the maximum term *fixed by the sentencing judge.*" [1] H.R.Rep. No.2979, 81st Cong., 2d Sess. 4 (1950) (H.R. Rep.), *reprinted in* [1950] U.S.Code Cong. Serv. 3983, 3986 (UCCS) (emphasis added).

 Appellant correctly asserts that the legislative history of the FYCA indicates the intent to use the set aside provision of the FYCA to give ex-offenders the opportunity to clear their records so they will not be hampered in economic and other opportunities later in life. *Doe v. Webster*, 196 U.S.App.D.C. 319, 329, 332 n.51, 606 F.2d 1226, 1234–35, 1239 n.51 (D.C.Cir.1979); *Hearings on S. 1114 and S. 2609 Before A Subcomm. of the Senate Comm. on the Judiciary*, 81st Cong., 1st Sess. 70 (1949) (Hearings) (Testimony of Chief Judge Orie L. Phillips of the United States Court of Appeals for the Tenth Circuit), "This law blots out their sentence and lets them go without any stigma on their life . . . ." *Id.* at 19. When a conviction is set aside, a certificate is issued to the youth offender. A particularly valuable benefit for offenders sentenced under the FYCA is the prospect of earning this certificate. *Durst v. United States*, 434 U.S. 542, 548, 98 S.Ct. 849, 852, 55 L.Ed.2d 14 (1978). When the opportunity for earning a set aside certificate was extended to youth offenders placed on probation in 1961, it was noted that this provision "provides an additional incentive for maintaining good behavior by holding out to the youth an opportunity to clear his record." 87 Cong.Rec. 8709 (1961) (Testimony of Mr. Dodd). While a conviction may be officially set aside in the court records, it has no effect on newspapers or other accounts of the conviction. *Doe v.*

*Webster, supra* at 326, 606 F.2d at 1233. The certificate serves as handy evidence to prove to potential employers and others that the conviction has been eradicated by the good conduct of the offender. However, it is evidence that this opportunity was not intended for all those sentenced under the FYCA. Only those offenders who display exemplary behavior during probation or commitment are entitled to have their convictions set aside. *See Watts v. Hadden*, 651 F.2d 1354, 1378 (10th Cir. 1981); *Cox v. United States*, 473 F.2d 334, 336 (4th Cir. 1973). A court will discharge a youth offender only when it concludes that rehabilitation is complete. *See* H.R. Rep. at 9, UCCS at 3992; S.Rep.No.1180, 81st Cong., 1st Sess. 2, 11 (1949) (S.Rep.); Hearings at 45 (Testimony of U.S. Circuit Judge John J. Parker).

In discussing the differences between a criminal conviction and one that can be automatically set aside under the FYCA, the court stated in *Tatum v. United States*, 114 U.S.App.D.C. 49, 51, 310 F.2d 854, 856 (1962); "[A] person sentenced under the Youth Corrections Act can, by virtue of his own good conduct, be spared the lifelong burden of a criminal record . . . . [I]t can, by the choice and conduct of the individual, become a noncriminal episode so far as the public records are concerned."

██ Most importantly, the conviction must actually be set aside before expiration of the probationary sentence imposed upon the youth offender. Chief Judge Bolitha J. Laws of the United States District Court for the District of Columbia stated that "committed youth offenders who earn their

---

1. *Arrington* cites *United States v. Purgason*, 565 F.2d 1279 (4th Cir. 1977), *United States v. Fryer*, 545 F.2d 11 (6th Cir. 1976), and *Minshew v. United States*, 410 F.2d 396 (5th Cir. 1969). *Purgason* is unpersuasive authority because the defendant's FYCA sentence was set aside prior to the expiration of his actual probationary sentence. *Fryer* merely holds that a FYCA conviction which has been set aside cannot constitute a conviction for purposes of 18 U.S. C.App. § 1202(a) [illegal possession of firearm by a convicted felon] or 18 U.S.C. § 922(a)(6) [making false statement when buying a firearm]. *Minshew* provides, "In the event that he

is unconditionally discharged before the expiration of his maximum sentence, the conviction will automatically be set aside. 18 U.S.C. § 5021." *Id.* at 397. None of these cases discuss the maximum available sentence in relation to the actual sentence imposed.

*United States v. Villar*, 416 F.Supp. 887, 889 (S.D.N.Y.1976), is the only case which supports *Arrington's* interpretation of § 5021. It states in dicta, "If he were to be convicted as a Young Adult Offender, however, his conviction would be automatically set aside upon his discharge from probation. 18 U.S.C. § 5021." *Villar* does not explain or elaborate on this statement.

final discharge *before* the end of their maximum term have their records cleared and all their civil rights restored." Hearings at 14 (emphasis added). Section 5021(b) is carefully drafted to allow only those youth offenders who were given probationary sentences and who were unconditionally discharged by a court before the completion of their sentences to reap the benefits of having their convictions set aside.[2] Had Congress intended the convictions of all youth offenders to be set aside upon successful completion of their probationary sentences, it could have stated so clearly.

■■■■ The principal purpose of the FYCA is to rehabilitate persons who are unusually vulnerable to the danger of recidivism because of their youth. *Dorszynski v. United States*, 418 U.S. 424, 433, 94 S.Ct. 3042, 3047, 41 L.Ed.2d 855 (1974); H.R.Rep. at 1, UCCS at 3983; S.Rep. at 1. Thus, rehabilitation is substituted for retribution as a sentencing goal. *Durst v. United States, supra*, 434 U.S. at 545, 98 S.Ct. at 851; H.R.Rep. at 1, 3, UCCS at 3983, 3985. To effectuate this goal, the FYCA empowers the trial judge with broad discretion to choose among available sentencing options. *Dorszynski v. United States, supra* at 437, 94 S.Ct. at 3049. It allows the trial judge to obtain an extremely comprehensive presentence report. ` See Ralston v. Robinson,* —— U.S. ——, ——, 102 S.Ct. 233, 239, 70 L.Ed.2d 345 (1981); 18 U.S.C. `§ 5010(e); S.Rep. at 2, 10. In this way, sentences can be determined according to the needs of the particular offender, rather than according to the type of crime committed. *Dorszyn-*

*ski v. United States, supra* at 434, 94 S.Ct. at 3048. The Act emphasizes flexibility and individual attention. *Durst v. United States, supra* 434 U.S. at 545, 98 S.Ct. at 851. *See* Hearings at 63. For this reason, public policy strongly favors sentencing youths under the FYCA whenever possible. To hold that FYCA convictions may not serve as the basis for a recidivist penalty might skew the priorities of a trial court, for when there is a choice between sentencing a defendant as a misdemeanant or under the FYCA, the court may choose the former merely because it could serve as the basis for a later felony conviction, while the FYCA sentence could not. Thus, such a holding could vitiate the policy in favor of sentencing under the FYCA.[3]

■■■■ Appellant was sentenced under D.C.Code 1981, § 22–3204. It provides for an enhanced penalty when "the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony...." Since the enhanced penalty depends on the type of prior conviction, not on the type of sentence received for the prior conviction, it appears obvious that two persons with the same prior convictions would both be subject to enhanced penalties for later convictions even though one was previously sentenced under the FYCA and the other was not. *Cf. United States v. Wilson*, 404 F.2d 531 (2d Cir. 1968), *cert. denied*, 394 U.S. 1003, 89 S.Ct. 1600, 22 L.Ed.2d 781 (1969). (Second offender status is determined by prior conviction under Narcotics Drugs Import and

2. *Dorszynski v. United States*, 418 U.S. 424, 435, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 (1974); *Watts v. Hadden, supra*; *United States v. Henderson*, 482 F.Supp. 234, 238 (D.N.J.1979); *Cox v. United States*, 473 F.2d 334, 336 (4th Cir. 1973); *United States v. Bronson*, 449 F.2d 302 (10th Cir.), *cert. denied*, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 463 (1971); *e.g., Doe v. Webster, supra*; *cf. Tatum v. United States, supra*; *Cunningham v. United States*, 461 F.2d 995, 996 (9th Cir. 1972); *Nast v. United States*, 415 F.2d 338, 340 (10th Cir. 1969) (FYCA offenders with non-probationary sentences imposed upon them who are unconditionally discharged before completion of their sentences are entitled to have their convictions set aside).

3. Apart from the testimony of Mr. Dodd, the comments cited herein discuss the 1950 version of the FYCA. Although youths placed on probation were generally charged with lesser offenses, the 1950 version of the Act did not include them. In 1961, § 5021(b) was added. The amendment simply extended the opportunity to have a conviction set aside to youth offenders placed on probation. Because Congress evidenced no intention to alter the basic purpose or functioning of the FYCA in 1961, the comments cited herein are pertinent to § 5021(b). *See* 87 Cong.Rec. 8709 (1961) (Testimony of Mr. Dodd).

For more information on the legislative history of the FYCA, *see Doe v. Webster, supra.*

Export Act or other enumerated statute rather than by actual imposition of sentence under one of them.) This provision evidences the congressional belief that no purpose would be served by giving a repeat offender a lenient sentence because he obviously was not rehabilitated by serving the lenient sentence the first time. This applies even more forcefully to the FYCA since persons sentenced under it are given greater opportunities for rehabilitation than are other offenders.

 Unless there are persuasive reasons to the contrary, we must construe a statute according to the ordinary meaning of its words. *See Temporaries Inc. v. District Unemployment Compensation Board*, D.C.App., 304 A.2d 14, 17 (1973). In the instant case, the legislative history contains no persuasive reasons to the contrary, while the case law and public policy support the plain meaning of the statute. Accordingly, we hold that under the FYCA § 5021(b) only those youth offenders who are unconditionally discharged by a court before completing a FYCA probationary sentence are entitled to have their convictions set aside, and have a set aside certificate issued to them.

 When a conviction has not been set aside, it may be the basis of a recidivist penalty. *Barker v. United States*, 579 F.2d 1219, 1226 (10th Cir. 1978); *See United States v. Brzoticky*, 588 F.2d 773 (10th Cir. 1978); *cf. Lewis v. United States, supra* 445 U.S. at 61 n.5, 100 S.Ct. at 918 ("... a disability based upon one's status as a convicted felon should cease only when the conviction upon which that status depends has been vacated."); *New Banner Institute, Inc. v. Dickerson*, 649 F.2d 216, 219 (4th Cir. 1981) (a federal firearm disability imposed because of a prior felony conviction is removable by vacation of the prior conviction). In the instant case, appellant completed the full term of his probationary sentence; he was not discharged by a court prior to the expiration of his sentence. Thus, he was not entitled to an automatic set aside of his conviction, and the conviction was a proper basis for the recidivist

sentence he received in 1980 for carrying a pistol without a license.

If sentencing a defendant as a felon based on a FYCA conviction is unjust, the remedy must be afforded by Congress, not by this court in the guise of statutory construction, because questions of severity of punishment are peculiarly for the legislature. *Dorszynski v. United States, supra* 418 U.S. at 442, 94 S.Ct. at 3052.

Affirmed.