**Wilhelmina BYRD, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 81–283.

District of Columbia Court of Appeals.

Argued March 4, 1982.

Decided June 28, 1982.

Gregory B. Macaulay, Washington, D. C., appointed by this court, for appellant.

Diane G. Clarke, Asst. U. S. Atty., Washington, D. C., with whom, Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the brief was filed, John A. Terry, Michael W. Farrell, and Catherine R. Mack, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

NEBEKER, Associate Judge:

This case is before the court as a result of a surprising procedure utilized by the trial court to remove a Youth Corrections Act offender as a responsibility of the Superior Court probation office. In April 1976, appellant was sentenced to a two-year probationary period under the Youth Corrections Act. 18 U.S.C. § 5010(a) (1976). Eighteen months later, a judge who had been assigned appellant's case after the sentencing judge retired made the following entry in the probation office file: "Case closed. No expungement ordered." However, he made no entry in the court records. Later, after being charged with another offense as a recidivist, appellant moved to set aside her earlier conviction. She argued that she had been unconditionally discharged prior to the expiration of the maximum period of her probation and, therefore, pursuant to 18 U.S.C. § 5021(b), her conviction was automatically set aside. The trial judge denied appellant's motion and held that the statute does not mandate the setting aside of convictions, but rather provides courts with the discretion to do so when it orders discharge before expiration of the probation period. We conclude that the trial judge reached the right result in denying the motion to set aside the conviction, but that he erroneously ruled that a trial judge has the discretion, in discharging a youth offender "prior to the expiration of the maximum period of probation" pursuant to 18 U.S.C. § 5021(b), to leave the conviction extant. *See Tuten v. United States,* D.C.App., 440 A.2d 1008 (1982). We hold that the action of the trial judge in purporting to close the case by the entry in the probation office files is of no legal effect.

The purported action by the trial court in closing the case is void because it is not within the statutorial alternatives provided either under the Youth Corrections Act or the provisions of D.C.Code 1981, § 24–104. 18 U.S.C. § 5010(a) permits the court to "suspend the imposition or execution of sentence and place the youth offender on probation" when, in the court's opinion, the offender does not need commitment. 18 U.S.C. § 5021(b) provides that in the event a youth offender has been put on probation, the court may in its discretion "unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect." D.C.Code 1981, § 24–104 states that at

> any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty . . . .

Contrary to appellant's contentions, the entry in the probation file purporting to close the case cannot have the legal effect of unconditionally discharging the appellant or setting aside her conviction. The order was entered without notice to anyone, it was not entered on the court record, and no certificate could be or was issued. The alternatives to the trial court, though broad, must be confined to those permitted by the statutes. We need not here decide whether other alternatives may be fashioned which are fairly embraced within the statutory scheme. It is sufficient that in this case we hold the irregular entry had no effect. That being the case, the fact remains that appellant has, in contemplation of law, completed service of the probationary period imposed, and given the absence of any timely order otherwise setting aside the conviction, it remains extant.

*Affirmed.*