Fletcher McDANIELS and Jeffrey
Hightower, Petitioners,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

John H. Hampshire, Inc. and Liberty
Mutual Insurance Co., Intervenors
in No. 85–195,

Gorman Equipment Co. and Selected
Risks Insurance Co., Intervenors
in No. 85–256,

George Hyman Construction Company,
Inc., Amicus Curiae.

Nos. 85–195, 85–256.

District of Columbia Court of Appeals.

Argued Feb. 5, 1986.

Decided July 10, 1986.

John C. Duncan, III, with whom Denise
Jakabcin Tassi, Washington, D. C., was on
brief, for intervenor Gorman Equipment
Co.

Carol Connor Flowe, Washington, D. C.,
was on brief, for amicus curiae George
Hyman Const. Co.

Robert B. Adams, Washington, D. C.,
was on brief, for petitioner McDaniels.

Kevin B. Byrd, Washington, D. C., for
petitioner Hightower.

Donald P. Maiberger, Rockville, Md., for
intervenor John J. Hampshire, Inc.

Before FERREN, BELSON and STEAD-
MAN, Associate Judges.

BELSON, Associate Judge:

The Department of Employment Services
(DOES) determined that petitioners Fletch-
er McDaniels and Jeffrey Hightower are
entitled to disability compensation under
D.C.Code § 36–308 (1981) of the District of

Columbia Workers' Compensation Act of 1979, as amended, 36 D.C.Code § 301 *et seq.* (1981) (hereinafter the "Act"), at the lesser of 66⅔ percent of average weekly wages or 80 percent of spendable earnings. Petitioner McDaniels, who is permanently totally disabled, contends that D.C.Code § 36–308(a)(1) mandates that he receive 66⅔ percent of average weekly wage, which in his case is higher than 80 percent of spendable earnings. Petitioner Hightower, who is permanently partially disabled, argues that D.C.Code § 36–308(a)(3) likewise guarantees him 66⅔ of average weekly wages. Since we find that the agency's determinations flow from a reasonable construction of § 36–308, we affirm.

The material facts are not in dispute. Petitioners are concededly disabled to the extent stated above. Therefore, we confront a straightforward question of statutory construction. At the outset, we acknowledge this court's policy of giving due deference to an agency's reasonable interpretation of a statute where, as here, the agency is charged with implementing the statute. *Hughes v. District of Columbia Department of Employment Services,* 498 A.2d 567, 570 (D.C.1985) (court upheld DOES construction of D.C.Code § 36–308(a)) (citing *Gomillion v. District of Columbia Department of Employment Services,* 447 A.2d 449, 451 (D.C.1982); *Hockaday v. District of Columbia Department of Employment Services,* 443 A.2d 8, 12 (D.C.1982); *Thomas v. District of Columbia Department of Labor,* 409 A.2d 164, 169 (D.C.1979). At the same time, we reiterate that this court is empowered to set aside any agency action "not in accordance with law." D.C.Code § 1–1510(a)(3)(A). *See, e.g., DeLevay v. District of Columbia Accommodations Commission,* 411 A.2d 354, 359–60 (D.C.1980) (court stated it would not defer to agency interpretation where contrary to statutory language or legislative history; court held agency's interpretation of D.C.Code § 45–1652(g) erroneous on grounds of inconsistency with statutory language).

"[M]indful of the maxim that we must look first to the language of the statute and, if it is clear and unambiguous, give effect to its plain meaning," *Office of People's Counsel v. Public Service Commission,* 477 A.2d 1079, 1083 (D.C.1984) (citations omitted), we set forth the relevant portions of § 36–308:

§ 36–308. Compensation for disability.

(a) Compensation for disability shall be paid to the employee as follows.

(1) *In case of total disability adjudged to be permanent, sixty-six and two thirds percent of the employee's average weekly wages shall be paid to the employee during the continuance thereof....*

(2) In case of disability total in character but temporary in quality, sixty-six and two-thirds percent of the employee's average weekly wages shall be paid to the employee during the continuance thereof;

(3) *In case of disability partial in character but permanent in quality, the compensation shall be sixty-six and two thirds percent of the employee's* average weekly wages which shall be in addition to compensation for temporary total disability or temporary partial disability paid in accordance with paragraph (2) or (4) of this subsection respectively, and shall be paid to the employee, as follows[.] ...

(e) For the purpose of this chapter, *payment of benefits at the rate of 80 percent of the spendable earnings of an employee shall be deemed to be not less than sixty-six and two thirds percent of such employee's average weekly wage. In all cases, payment of benefits shall be at the lesser of sixty-six and two thirds percent of the employee's average weekly wage or 80 percent of spendable earnings.* Spendable earnings shall be the employee's gross average weekly wage reduced by an amount determined to reflect amounts which would be withheld from such wage under Federal and

state or District of Columbia income tax laws, and under subchapter IV of Chapter 21 of the Internal Revenue Code of 1954 (relating to social security taxes). In all cases, it is to be assumed that the amount withheld would be determined on the basis of anticipated liability of such employee for tax for the taxable year in which such payments are made without regard to any itemized deductions but taking into account the maximum number of personal exemption deductions allowable. (Emphasis added.)

■ The second sentence in § 36–308(e) of the Act states that "[i]n all cases" under the workers' compensation chapter beneficiaries "shall" receive the lesser of 66⅔ percent of average weekly wages or 80 percent of spendable earnings. No qualifying language regarding the extent or permanence of disability is included in the subsection. DOES' determinations in petitioners' cases comport with the plain language of the second sentence in § 36–308(e). Thus, unless petitioners can demonstrate that this portion of § 36–308(e) may not be controlling, DOES' determinations must be affirmed.

Petitioners advance two arguments in an effort to show that it is unclear whether the literal command of the second sentence in § 36–308(e) governs in their cases. First, petitioners argue that the first two sentences in § 36–308(e) are mutually contradictory. Second, petitioners contend that DOES' literal construction of § 36–308(e) runs counter to § 36–308(a)(1) and (3). Petitioners suggest that the language of the foregoing provisions is susceptible to a construction different from the one formulated by DOES; petitioners argue that the 80 percent calculation comes into play only when temporary total disability benefits are at stake. As we elaborate below, petitioners' attempts to discern inconsistencies in DOES' construction of § 36–308 are unavailing. Moreover, petitioners' suggested alternative interpretation does not withstand close scrutiny in light of well-settled principles of statutory construction.

Accordingly, we conclude that DOES correctly construed the language of § 36–308 in determining the size of awards to petitioners.

■ Petitioners' initial quarrel with DOES' obedience to the literal language of the second sentence of § 36–308(e), which provides that "[i]n all cases, payment of benefits shall be at the lesser of sixty-six and two-thirds percent of the employee's average weekly wage or 80 percent of spendable earnings," is that the preceding sentence contradicts this provision. The preceding sentence merely deems 80 percent of spendable earnings to be not less than 66⅔ percent of average weekly wages. Thus, the first sentence does not purport to change the calculation specified in the second sentence, but only the legal significance to be attached to a calculation resulting in the payment of less than 66⅔ percent of average weekly wages. The reason for including the first sentence becomes evident upon inspection of the subsections of § 36–308(a).

Petitioners McDaniels and Hightower contend that § 36–308(a)(1) and (3), respectively, raise doubts about DOES' reliance on the literal language of § 36–308(e) in their cases. Specifically, petitioners point to the language in subsections (a)(1) and (a)(3) providing for benefits equal to 66⅔ percent of average weekly wages to persons on total permanent disability and partial permanent disability, respectively. While petitioners do raise a superficial inconsistency with the § 36–308(e) calculation involving 80 percent of spendable earnings, the language of the statute, when construed according to well-settled principles, dispels any ambiguity as to the statute's meaning.

We are bound to give effect to all of the provisions of the Act, so that no part is rendered redundant or superfluous. *Office of People's Counsel*, 477 A.2d at 1084. *Accord, Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 633, 93 S.Ct. 2469, 2485, 37 L.Ed.2d 207 (1973); *Tuten v. United States*, 440 A.2d 1008, 1010 (D.C.

1982), *aff'd,* 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983); *In re Surface Mining Regulation Litigation,* 201 U.S.App.D.C. 360, 376, 627 F.2d 1346 (1980); 2A Sutherland, STATUTES AND STATUTORY CONSTRUCTION, § 46.06 (C. Sands 4th ed.1973). We perceive no difficulty in reconciling § 36–308(a)(1) and (3) on the one hand and § 36–308(e) on the other. Taken together, the provisions mandate that a beneficiary is entitled to the lesser of 66⅔ percent of average weekly wages and 80 percent of spendable earnings. Instead of repeating language to that effect under each of the three subsections of § 36–308(a), the District of Columbia Council simply drafted § 36–308(e) to cover "all cases" under the chapter. The first sentence of § 36–308(e) deems 80 percent of spendable earnings to be not less than 66⅔ percent of average weekly wages. The next sentence specifies that DOES shall use the lesser of the two figures. The references to 66⅔ percent of average weekly wages in each subsection of § 36–308(a) act as placemarkers which the § 36–308(e) language augments and clarifies. Thus, the role of the first sentence of § 36–308(e), which petitioners suggest is mysterious, is seen to be that of a bridge between the calculation formula of § 36–308(e) and the placemarkers in § 36–308(a), assuring against subsequent uncertainty as to their interrelationship.

DOES' construction of the Act is coherent and does not undermine the literal meaning of any of the statutory language. We turn now to consider petitioners' alternative interpretation, which we find wanting with respect to both of these criteria.

■ Petitioners adopt the position that the 80 percent spendable earnings calculation called for in § 36–308(e) applies only to those who are temporarily totally disabled. This position is untenable, for it requires the evisceration of statutory language when, as outlined above, a reasonable construction of the statute is possible without sacrificing any statutory language. The most glaring flaw in petitioners' position is that it reads three critical words out of § 36–308(e). Specifically, § 36–308(e) states that 80 percent of spendable earnings should be awarded "[i]n all cases" where that figure is less than 66⅔ percent of average weekly earnings. Despite the breadth of this language, petitioners insist that the 80 percent calculation comes into play only when computing awards under § 36–308(a)(2) (temporary total disability), not § 36–308(a)(1) or (a)(3). Petitioners do not even attempt to reconcile the "[i]n all cases" phrase with their interpretation of the statute.

In addition to reading the phrase "[i]n all cases" out of § 36–308(e), petitioners read the first sentence of § 36–308(e) in a manner which is, at best, overexpansive. Petitioners assert that the District of Columbia Council inserted the first sentence of § 36–308(e), which deems the payment of 80 percent of spendable earnings to be not less than 66⅔ percent of average weekly wages, to assure that recipients in their disability categories would receive the *greater* of 66⅔ percent of average weekly wage or 80 percent of spendable earnings. Petitioners' interpretation of this sentence not only does not give effect to its plain meaning, it seeks to discern meaning that cannot fairly be attributed to the language. The sentence lacks utterly any indication that the greater of the two percentages should be awarded to any recipients. Moreover, the very next sentence explicitly provides that the *lesser* of 66⅔ percent of average weekly wages or 80 percent of spendable earnings should be awarded "[i]n all cases." We discern nothing in the language of the preceding sentence to qualify the latter provision at all, much less the baseless reading suggested by petitioners.

Considering the difficulty of reconciling the language of § 36–308 with petitioners' proffered construction and the comparative ease with which this may be done with DOES' construction, we are strongly inclined toward affirming the latter construction. Our review of the legislative history confirms that inclination.

The sponsor of the bill which became the District of Columbia Workers' Compensation Act, Councilwoman Hardy, offered three reasons for including the 80 percent provision in § 36–308(e): cost savings, prevention of disability recipients' receipt of more after-tax income than if they worked, and preservation of a work incentive. REPORT OF THE DISTRICT OF COLUMBIA CITY COUNCIL COMMITTEE ON HOUSING AND ECONOMIC DEVELOPMENT ON BILL 3–106, January 8, 1980, pp. 4, 16–17. Petitioners do not dispute that these were statutory objectives. Furthermore, petitioners have failed to show why these goals are not served by applying the 80 percent provision to them and others in their disability categories. At best, petitioners can argue only that one of the three reasons behind the 80 percent provision, the work incentive rationale, generally applies less forcefully to the permanently disabled than to the temporarily disabled, not that the rationale is wholly inapplicable to the permanently disabled. As the provisions for modifying an award contained in D.C.Code § 36–324 indicate, changes in disability status are contemplated by the Act. It would be unreasonable to expect that every individual initially accorded permanent total disability status will remain in that status until death. Moreover, it is obvious that application of the 80 percent provision to *all* disability categories, rather than confining it to a subset of disability recipients as petitioners would prefer, more fully achieves the acknowledged cost savings goal. Thus, the legislative history only bolsters our confidence that DOES interpreted § 36–308(e) in accord with the intent of the District of Columbia Council.

We are persuaded that DOES advances a correct interpretation of the statute, an interpretation which saves all of the statutory language and comports with the legislative history. As we noted at the outset, this court defers to reasonable interpretations of statutory provisions by agencies charged with implementing the statutes. *Hughes,* 498 A.2d at 570 (citations omitted).

Accordingly, we affirm the disability benefit determinations rendered by DOES.

*Affirmed.*